Maurice A. PROCTOR, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CF–107.

District of Columbia Court of Appeals.

Dec. 9, 1999.

Before: WAGNER, Chief Judge;
TERRY, STEADMAN,* SCHWELB,
FARRELL, RUIZ,* REID, GLICKMAN,
and WASHINGTON, Associate Judges;
NEWMAN,* Senior Judge.

ORDER

PER CURIAM:

On consideration of appellee's petition for rehearing or rehearing en banc, and the answer thereto, it is

 ORDERED by the merits division* that the petition for rehearing is granted to the extent that the opinion of this court filed on May 13, 1999, which is published at 728 A.2d 1246 (1999), is hereby amended as indicated herein. The text of the opinion which appears at 728 A.2d at 1252 is amended to read as follows (additions to the text of the opinion are reflected by brackets and boldface type; deletions from the text of the opinion are reflected by brackets and a line through the deleted text) (the text of footnotes 14 and 15 (which are not repeated here) remain unchanged):

The court took no heed of this possible approach. [Specifically, if, for example, (and not by way of limitation), appellant were prepared to forego any mention of the thrice-repeated photographic display required by the CVSA in claiming coercion, any need the government had to mention the test in rebuttal would be all but eliminated.] The discussion then focused on distinguishing the evidence at issue from expert testimony offered for determining veracity of a statement, without exploring further the compromises defense counsel suggested he might make or other intermediate approaches. See *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1996).

Third, as a feature that may have contributed to the shortcomings already described, the trial court ruled that evidence of the CVSA would be admitted at trial based exclusively on pre-trial argu-

ments made during a bench conference. The prosecution asserted that the defense tactics in the first trial had been unfair and had determined the outcome of that proceeding. The defense contested this version of events. Because the judge presiding over the retrial did not preside over the original trial, he lacked first-hand knowledge of how the defense's impeachment of Avery played out in the original trial.[14]

A provisional pretrial ruling might have been made, but one that allowed for the possibility of change depending upon developments at trial, including that, forewarned about the possible admissibility of lie detector rebuttal evidence, the defense would alter its approach. And a delay in a final ruling would have permitted the trial court to more precisely balance the probative and prejudicial factors. The consequence of the definitive pretrial ruling in this case was that the prosecution in its opening statement went into considerable detail about the administration of the CVSA, referring to it as a lie detector test, as it did during the direct testimony both of the questioning detective and Mr. Avery. Thus presented, the CVSA was highlighted as a significant feature of the prosecution case, rather than a response to impeachment by the appellant.[15]

Given the foregoing problems with the trial court's exercise of its discretion, we need not (indeed, we are unable to) determine whether the admission of such evidence [in some form] could have eventually been within the range of properly informed and exercised discretion [in this particular case.] [. The trial court's failure to delay ruling until it knew the precise scope of appellant's coercion claim (e.g., whether it included attacking the procedures attendant on the CVSA test but without naming them) deprived it of critical information necessary to the sound exercise of its discretion. *Johnson v. United States, supra.*] We are satisfied, however, that what happened was not harmless. We

noted in *Peyton, supra,* that "despite its status as a pariah...not all references to polygraph tests warrant reversal." *Peyton,* 709 A.2d at 70 n. 13 (quoting *Maryland v. Hawkins,* 326 Md. 270, 604 A.2d 489, 492 (1992)).

It appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is denied.